MAY

M'MECHEN vs. THE MAYOR, &c. of BALTIMORE.

ERROR to *Baltimore* County Court. This was an action of debt, brought in the names of *The Mayor and City*

T Y executed to the Mayor, &c. a bond as auctioneer, with D M as his surety, under an ordinance requiring such bond to be executed before the obtaining a license as auctioneer. The license was granted to T Y before the bond was given. After the license and bond, W and H, sent certain goods to T Y to be sold at auction, who sold the same, but did not pay over the proceeds to W and H. There was no provision in the ordinance authorising such bonds to be sued for the use of individuals; but the Mayor gave general directions to the register to deliver copies of the auctioneer's bond to any person having claims against him as such, and a copy of the bond was in pursuance of that order, delivered to W and H, who brought suit thereon in the name of the Mayor, &c. for their use, against D M, the surety therein—*Held*, that they were entitled to recover.

If goods are sent to an auctioneer, with directions to sell them at public auction, and he sells them at private sale, without authority, and does not pay over the proceeds, his bond as auctioneer is liable.

*Council of Baltimore,* for the use of *L. Hollingsworth* and *A. B. Williams,* against the defendant, (now appellant,) on a bond, executed on the 10th of February 1803, by *T. Yates, M'Mechen,* (the defendant,) and *J. Walsh,* in the penalty of $3000, with the following recital and condition. "Whereas the above bounded *Thomas Yates* hath obtained from the mayor a license of admission under the seal of the city of *Baltimore,* to use and exercise the trade and employment of auctioneer within the said city; and by an ordinance of the corporation of the said city persons obtaining such license are directed, before they take upon themselves the duties of said office, to give bond, to be approved by the said mayor, for the faithful performance of the several trusts and duties required of them by the aforesaid ordinance. Now the condition of this obligation is such, that if the above bounden *Thomas Yates,* do and shall pay, and duly satisfy, all just claims that may be against him as auctioneer, and in all things well and faithfully perform the several duties required of him by the ordinance, entitled, An ordinance for licensing and regulating auctions within the city of *Baltimore,* and precincts thereof, then this obligation to be void, else to be and remain in full force and virtue." The declaration was in the usual form. The defendant pleaded, 1. General performance. 2. That *Yates* obtained his license as auctioneer before he had given bond. 3. That no license was granted to *Yates* after he had given bond. The plaintiffs replied to the *first* plea, averring a nonperformance, and setting out the ordinance of the 20th of February 1801. That *Yates* on the 10th of February 1803, after the making of the writing obligatory aforesaid, on his application to the mayor, obtained from him a license as auctioneer for the term of one year, and that he acted as such for one year. That *Hollingsworth* and *Williams,* on the 15th of July 1803, delivered and entrusted to *Yates,* as auctioneer, certain goods and merchandize, to wit, four pipes of gin of the value of $487 30, to be by him sold as auctioneer, at auction, on their account, and for their use and benefit. That *Yates* did sell the said goods at auction for the sum of $474 97, over and above his commission, &c. That *Yates* received the money which he had not paid over, &c. To the *second* plea there was a similar replication—that *Yates* did not obtain his license as auctioneer before he duly executed and delivered to the

plaintiffs a bond, with security to the satisfaction of the mayor. To the *third* plea they replied, that after *Yates* had duly executed and delivered to the plaintiffs his bond with security, to the satisfaction of the mayor, the mayor granted to *Yates* a license, &c. Issue joined on the replication to the first plea. The defendant rejoined to the second replication, that *Yates* never did, as auctioneer, sell the said goods, &c. belonging to the said *Hollingsworth* and *Williams*. To the third replication he rejoined, protesting that the said goods were not delivered to *Yates* to be by him sold as auctioneer, but that the said *Yates* was requested by *H. & W.* to sell the said goods at private sale, and that he did, at their request, sell the said goods at private sale. The plaintiffs surrejoined to the rejoinder to the second replication, that *Yates* did sell the said goods at auction. Issue joined. To the rejoinder to the third replication they surrejoined, protesting that the goods were delivered to *Yates* to be by him sold as auctioneer; that they did not request him to sell the said goods at private sale. Issue joined.

1. The plaintiffs at the trial, offered in evidence the bond declared upon; and proved that it was executed by the persons whose names were thereto subscribed; and also gave in evidence, that a license was granted to *Yates*, as auctioneer, after the execution and delivery of the bond. They further proved, that *Williams & Hollingsworth* sent to *Yates*, after the execution and delivery of his bond, and after the granting the said license, and before the end of a year thereafter, the goods and merchandise in the replications mentioned, to be sold at public auction, and that they were sold at public auction, and the sum of money in controversy was by him, the said *Yates*, received and not paid over by him to *Williams & Hollingsworth*. The plaintiffs further gave in evidence, that the mayor of the city of *Baltimore* had previously given general instructions to the register to deliver copies of the said bond to any person having claims against *Yates*, as auctioneer, and that the bond, upon which this suit was instituted, was in pursuance of the said instruction, delivered to *Williams & Hollingsworth*. The defendant then prayed the opinion of the court, and their direction to the jury, that upon this evidence the action could not be sustained

for the use of *Williams* & *Hollingsworth*. This direction the Court, [*Nicholson*, Ch. J. and *Hollingsworth*, A. J.] refused to give. The defendant excepted.

2. Evidence was then offered that the gin mentioned in the replications was sent to *Yates*, as auctioneer, to be sold at public auction, but that he was instructed not to sell it for less than a certain price. That it was offered for sale several times at public auction, without bringing the price limited; and that afterwards *Yates* had an offer for it at private sale, to the amount of the limit, and that he then sold it, which was his usual and common course in cases of goods sent to him to sell, and that such course of business was well known to the merchants of *Baltimore* for many years. The defendant then prayed the court to instruct the jury, that if they believed these facts, the plaintiffs were not entitled to recover. But the court directed the jury, that if they believed the gin to have been sent to *Yates* to be sold by him at public auction, and that he sold it at private sale, without the authority of *Williams* & *Hollingsworth*, and did not pay over the proceeds, that it was a breach of the condition of his bond as auctioneer. The defendant excepted; and the verdict and judgment being against him, he brought the present writ of error.

The cause was argued before CHASE, Ch. J. and BUCHANAN, EARLE, JOHNSON, and MARTIN, J.

*Martin* and *Pinkney*, for the Plaintiff in error, contended, that an individual could in no case sue on a public bond, unless the law, under which the bond was taken, authorised such a suit; and that as the ordinance of the corporation of *Baltimore* of the 20th of February 1801, under which the bond upon which this action was brought was taken, contained no such provision, this suit could not be sustained. They referred to the acts of 1715, *ch.* 39, *s.* 39; *ch.* 46, *s.* 4, 7; 1716, *ch.* 1, *s.* 3, 5; 1729, *ch.* 24; 1742, *ch.* 10, *s.* 2, 3, 7; Feb. 1777, *ch.* 8, *s.* 6; 1784, *ch.* 61, *s.* 4; 1785, *ch.* 72, *s.* 2, 8, 9, 10; 1790, *ch.* 12; 1794, *ch.* 54; 1798, *ch.* 101, *sub ch* 3, *s.* 10, *sub ch.* 12, *s.* 4. *Sterryton vs. Day*, Styles, 18. *Arlington vs. Merricke*, 3 *Saund.* 412, 413, 414, 415, (and *note.*) *The State, use of M'Nielly vs. Wailes*, 3 *Harr.* & *M'Hen.* 241.

*Harper* and *Winder*, for the Defendants in error, relied on *M'Mechen vs. The Mayor, &c. of Baltimore, 2 Harr. & Johns.* 41.

THE COURT, on both bills of exceptions, concurred in the opinions given by the court below.

JUDGMENT AFFIRMED.